UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALEX CALLE-CARDENAS

                       Plaintiff,
    -v-                                       1:20-CV-1103

VAILLANCOURT TRANSPORT, LLC,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                       OF COUNSEL:

RHEINGOLD GIUFFRA RUFFO & PLOTKIN, LLP    THOMAS P. GIUFFRA, ESQ.
Attorneys for Plaintiff
551 Fifth Avenue 29th Floor
New York, New York 10176

KENNEDYS CMK LLP-NEW YORK OFFICE        MICHAEL SCHNEIDER, ESQ.
Attorneys for Defendant                                 SEAN T. BURNS, ESQ.
570 Lexington Avenue 8th Floor
New York, New York 10022

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

On February 1, 2017, plaintiff Alex Calle-Cardenas ("Calle-Cardenas" or "plaintiff"), a Pennsylvania native, was driving north on the New York State Thruway. Dkt. 1-1 ("Compl."), ¶¶ 1, 16, 18.[1] At approximately 8:55 p.m., plaintiff alleges that he was struck from behind by a truck, which caused him injuries severe enough to require medical assistance. *Id.* ¶¶ 18, 21. Predictably, he claims that truck was owned, and its driver employed, by defendant Vaillancourt Transport, LLC ("Vaillancourt" or "defendant"). *Id.* ¶¶ 11, 18. Defendant is a

---

[1] "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) (citing *Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1318 (S.D. Miss. 2003)).

motor carrier organized under Vermont law and maintaining a place of business in that state. *Id.* ¶¶ 11, 18.

On December 27, 2019, Calle-Cardenas filed a claim in New York State Supreme Court, Bronx County.  *See* Compl. p. 2.  Predictably, plaintiff's complaint claimed that the truck driver's negligence caused the accident.  *Id.* ¶ 19.  By extension, plaintiff alleges that Vaillancourt is vicariously liable for his resulting injuries.  *Id.* ¶ 11.  But nowhere in the complaint does plaintiff make a damages demand.  *See id. passim*.  Defendant claims that it served plaintiff with an answer and a demand ad damnum on February 6, 2020.  Dkt. 1, ¶ 4.

Apparently, Calle-Cardenas's counsel did not respond to the demand ad damnum, and on Wednesday, April 8, 2020, Vaillancourt's counsel inquired by email as to plaintiff's response.  Dkt. 11-4, p. 1.  Plaintiff's counsel told defendant's that a response to the demand ad damnum would follow soon and that he anticipated that the damages estimation would be $3 million dollars.  *Id.*

On August 21, 2020, Vaillancourt received Calle-Cardenas's bill of particulars dated August 13, 2020.  Dkt. 1, ¶ 10; Dkt. 11-6, p. 8.  That bill of particulars noted that plaintiff's medical bills amounted to $175,119.09.  *Id.* ¶ 12.  On September 15, 2020, defendant filed a notice of removal, claiming that the bill of particulars suggested for the first time that plaintiff's claim exceeded the $75,000 limit for diversity jurisdiction under 28 U.S.C. § 1332.[2]  Dkt. 1, ¶¶ 10-12.  On October 14, 2020, plaintiff moved to remand this case to state court.  Dkt. 11. That motion having been fully briefed, it will now be decided on the basis of the parties' submissions without oral argument.

To that end, a cause of action before a state court may be removed by the defendant if "the district courts of the United States have original jurisdiction[.]"  28 U.S.C. § 1441(a).  But

---

[2] District courts have so-called diversity jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).

2

a defendant's ability to remove an action "is strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Amcat Glob., Inc. v. Yonaty*, 192 F. Supp. 3d 308, 311 (N.D.N.Y. 2016) (internal citations and quotation marks omitted).  By extension, "all doubts should be resolved in favor of remand."  *Id.* (citation omitted).

An essential component of a defendant's ability to remove a case is timing.  A notice of removal must typically be filed within thirty days after the defendant is served with the complaint.  28 U.S.C. § 1446(b)(1).   However, if jurisdiction in federal court is not established on the face of the complaint, a defendant may nevertheless file a notice of removal within thirty days of its receipt of "an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Calle-Cardenas argues that Vaillancourt was put on notice that his claims were likely to exceed the $75,000 limit for diversity of citizenship jurisdiction on April 9, 2020.  From his perspective, the email exchange on that date between his counsel and defendant's provided a clear signal that he anticipated making a damages demand of approximately $3 million.  Dkt. 11-4, p. 1.  Thus, plaintiff argues that defendant's notice of removal filed more than five months later is untimely.

But Vaillancourt does not believe that Calle-Cardenas' counsel's anticipated damages demand was sufficiently formal and explicit to constitute notice that damages would likely exceed $75,000.  Instead, defendant claims that it was only upon receiving plaintiff's bill of particulars that it had adequate notice of the amount of damages because plaintiff had failed to respond to its ad damnum demand.  Dkt. 1, ¶¶ 9-11. Because the notice of removal

3

followed within thirty days of defendant's receipt of the bill of particulars, it asserts that it timely removed the case.  28 U.S.C. § 1446(b)(3).

In other words, the parties in are fighting over whether Calle-Cardenas's counsel's email qualifies as an "other paper" sufficient to begin the or whether that distinction is reserved for plaintiff's eventual bill of particulars.  *See* 28 U.S.C. § 1446(b)(3). In plaintiff's favor, other courts have construed the "other paper" requirement broadly.  *See Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Once the [d]efendant is properly before the court . . . and discovers grounds for removal, [d]efendant must remove within thirty days of discovering those grounds, regardless of whether such information is contained in properly served amended pleadings or from some other source . . . ." (internal citations and quotation marks omitted)).

Indeed, courts have held that even informal communications may provide notice of a potential basis for removal.  *Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 978 (S.D. Miss. 2000) ("This actual notice may be communicated in a formal or informal manner." (internal citations omitted)).  As long as the notice comes in written form, the "other paper" requirement is satisfied.  *See Martin*, 142 F. Supp. 2d at 1349.  Indeed, even an "unverified and/or unsigned" email may qualify as a sufficient writing if the defendant has already received a summons and a complaint.  *Simpson v. AWC 1997 Corp.*, 2008 WL 2884999, at *3 (N.D.N.Y. July 23, 2008).

But Vaillancourt claims that the Second Circuit views the matter differently, and does require an "other paper" to be sufficiently formal.  To that end, defendants cite *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) and *Philip v. Deutsche Bank Nat. Tr. Co.*, 2012 WL 2354242, at *3 (S.D.N.Y. June 20, 2012).  However, neither case imposes any such formality requirement.

4

The Second Circuit in *Moltner* rejected its plaintiff's argument that even if a complaint contains no allegations relating to damages, the factual matter of the complaint itself can put a defendant on notice that damages may exceed $75,000. *Moltner*, 624 F.3d at 37-38. Beyond that, *Moltner* acknowledges that the clock begins to run once the defendant receives a paper specifying the damages a plaintiff will pursue. *Id.* at 38. Although the Second Circuit does require that the paper "explicitly specif[y]" the amount of damages sought, *Moltner* does not otherwise disqualify the email exchange in this case from affording Vaillancourt notice. *Id.* Moreover, the email exchange at issue in this case did specify that Calle-Cardenas would claim $3 million in damages. Dkt. 11-4, p. 1. Accordingly, *Moltner* does not require that this Court not consider the April 9, 2020 email exchange as providing defendant notice that damages would likely exceed $75,000.

Similarly, although Vaillancourt's cherry-picked language from *Philip* to the effect that "the bill of particulars is the relevant document for determining the timeliness of [a d]efendant's removal petition" seems dispositive, in context its import is less impressive. 2012 WL 2354242, at *3. The full sentence that defendant references states only that "[b]ecause the [c]omplaint does not disclose that [p]laintiff is seeking more than $75,000 in damages, the bill of particulars is the relevant document for determining the timeliness of [d]efendant's removal petition." *Id.* In other words, the language defendant relies on only makes the unremarkable claim that if a complaint did not provide notice of the amount of damages a plaintiff is seeking, a bill of particulars can. *See id.* That principle is of no use in determining whether the emails that Calle-Cardenas points to could alternatively have qualified to afford defendant notice.

Under these circumstances, the Court is satisfied that Calle-Cardenas's counsel's April 9, 2020 email provided Vaillancourt with sufficient notice that plaintiff's claims were likely to

exceed the $75,000 jurisdictional limit.  Dkt. 11-4, p. 1.  Plaintiff's counsel specifically told an associate working at defendant's counsel's firm that he anticipated damages to approximate $3 million.  *Id.*

Even as an estimate, Calle-Cardenas's assertion of a $3 million valuation outstrips the $75,000 jurisdictional limit so completely that Vaillancourt should have been on notice that the amount in controversy requirement would be met.  28 U.S.C. § 1332(a); *cf. Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").  However, the Court acknowledges that plaintiff has not been faultless in failing to provide a more concrete figure by never responding to defendant's demand ad damnum.  Plaintiff's timely response to that demand would have made matters much simpler.

Nevertheless, through the April 9, 2020 email, Vaillancourt had knowledge of this Court's jurisdiction.  Dkt. 11-4, p. 1.  Moreover, defendant does not dispute that Calle-Cardenas properly served it with a summons and a complaint.  Thus, defendant's September 15, 2020 notice of removal came more than five months after it had notice that jurisdiction had been met.  As a result, removal was untimely.  This case must therefore be remanded to the New York State Supreme Court, Bronx County.  *See, e.g.*, *Simpson*, 2008 WL 2884999, at *3 (remanding case because defendant had notice of value exceeding jurisdictional requirement from unverified, unsigned email more than thirty days before filing notice of removal).

Therefore, it is

ORDERED THAT

1. Plaintiff Alex Calle-Cardenas' motion to remand is GRANTED; and

2. The complaint is REMANDED to the New York State Supreme Court, Bronx County.

IT IS SO ORDERED.

The Clerk of the Court is directed to forward a copy of this decision and the file in this matter to the Clerk of the New York State Supreme Court, Bronx County and close the file.

Dated: December 16, 2020
       Utica, New York.

David N. Hurd
U.S. District Judge